# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

-vs-                                         Case No.  6:04-cv-112-Orl-18JGG

W.L. WARE ENTERPRISES &
INVESTMENTS, INC., d/b/a Ware
Enterprises & Investment, Inc., d/b/a Ware
Enterprises & Investments, LLC, d/b/a W.L.
Ware Enterprises and Investments, LLC,
WARREN L. WARE,

Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on March 1, 2006, on the following

motion:

| | |
|---|---|
| **MOTION:** | **THIRD MOTION TO COMPENSATE RECEIVER AND HIS COUNSEL, AKERMAN SENTERFITT, FOR ATTORNEYS' FEES AND EXPENSES (Doc. No. 77)** |
| **FILED:** | **January 31, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

The District Judge referred the Third Motion to Compensate the Receiver to this Court for a

report and recommendation.  Docket No. 78.   Neither the SEC nor Defendants oppose or object to

the Receiver's motion.

The Court has reviewed the Receiver's motion carefully, heard argument of counsel, and asked questions of the Receiver, the Securities Exchange Commission, and Defendants' counsel. Among the issues covered at the hearing was the increase in average monthly billings since the inception of the action. In the first fees request, counsel averaged fees of $28,774 per month. In the second fees request, counsel averaged fees of $30,118 per month. In the current fees request, counsel's fees average $44,702 per month. Counsel explained that the increase in fees is attributable to the 53 separate fraudulent transfer actions that have been brought against individual investors on behalf of the Receivership estate.

The Court also questioned counsel regarding the time spent by paralegals Naomi Alicea and A.B. Hutchinson, and legal consultant Won-Young-Jung, and who was responsible for reviewing their bills and their work. The Court noted that these individuals often spend an entire day or most of the day working on this matter. The Court also noted that there were instances of billings for clerical tasks such as making copies for the file, filing, mailing letters, faxing documents, opening and sorting mail. The Receiver admitted that the bills of these individuals have never been audited, and believes that their billings are reasonable in this case because no other clients have ever complained about their time. The Receiver did admit, however, that clerical tasks should not be billed. The Court is not confident that the paralegals and legal consultant are closely supervised and that their billing entries are carefully scrutinized.

The Court also questioned the large amount of time that is spent responding to investors' inquiries. Eighty percent of the inquiries relate to the claims process, and the Receiver did not believe these types of questions could be handled by a secretary. The Receiver does maintain a web site in order to minimize the need for a personal response to routine questions.

Ms. Hoeck also was questioned regarding the increase in her hourly rate for this matter, and the Court is satisfied with Ms. Hoeck's explanation. The Court also inquired about the duplicating charges and confirmed that duplicating is being charged at $.10 per page. The Court also ascertained that the Receiver is recouping in settlements and judgments the amounts paid for filing fees and service of process.

While the amount of fees and expenses seem very large, the Court is persuaded that the receiver and his law firm are experienced in these matters and are providing valuable services to the Receivership Estate. The Receiver and his firm are making an effort to reduce fees and expenses, so as to maximize distribution to investors of the Receivership Estate.

With the exceptions stated below, the Court finds that the number of hours and the hourly rate charged by the various timekeepers set forth in the Third Motion are reasonable. The Court finds it is unreasonable to bill for the services of librarians. The Receiver has offered to withdraw the billings by librarians and to reduce the fees claim by $370. The Court also finds, and the Receiver agrees, that it is unreasonable to bill for clerical tasks. The amount billed for clerical tasks, however, is not readily ascertainable because the time spent on the clerical tasks is included with time spent on legitimate billing tasks. To account for these clerical tasks and the general lack of close supervision, it would be reasonable to reduce by 10% the fees billed by the top three staffers, A.B. Hutchinson, N. Alicea, and W.Y. Jung. The combined fees for these three persons equal $141,918.75,[1] and the Court recommends that the fees awarded be reduced by $14,192. The Receiver also claims $56.50 for

---

[1]Subtotals are located at Docket No. 77-4 at 33 [Hutchinson, $7,810; Alicea, $43,020; Jung, $29,928.75] and Docket No. 77-5 at 24 [Hutchinson, $37,690; Alicea, $23,470].

unspecified miscellaneous library charges.  The appropriateness of these charges is unsubstantiated and they should be excluded.

The Court, therefore, recommends that the Receiver's motion be granted in part and denied in part.  The Receiver's motion seeks $312,912.25 in fees.  The Court recommends that the fees be granted in the amount of $298,720.25.  The Receiver seeks $28,591.81 in costs.  The Court recommends that costs be granted in the amount of $28,535.31.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 2, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Counsel of Record