UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:04-CV-112-ORL-18JGG

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
v. )
)
W.L. WARE ENTERPRISES AND INVESTMENTS, INC., )
d/b/a WARE ENTERPRISES AND INVESTMENTS, )
INC., WARE ENTERPRISES AND INVESTMENTS, )
LLC, AND W.L. WARE ENTERPRISES AND )
INVESTMENTS, LLC, )
AND WARREN L. WARE, )
)
Defendants. )
_____)

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT W.L. WARE ENTERPRISES AND INVESTMENTS, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant W.L. Ware Enterprises and Investments, Inc. ("Ware Enterprises") having entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED AND ADJUDGED that Ware Enterprises and its agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Ware Enterprises and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading: or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Ware Enterprises and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise:

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such

security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Ware Enterprises shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from April 1, 2001, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Ware Enterprises will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Ware Enterprises may not challenge the validity of the Consent or this Judgment: (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court: and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for

disgorgement or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Ware Enterprises shall comply with all of the undertakings and agreements set forth therein.

VI.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _March 22_, 2006

_____
HONORABLE G. KENDALL SHARP
UNITED STATES DISTRICT JUDGE

copies to:

Scott A. Masel, Esq.
Securities & Exchange Commission
Miami Branch Office
801 Brickell Ave., Suite 1800
Miami, FL 33131
*Plaintiff's counsel*

Marc J. Gottlieb, Esq.
Akerman Senterfitt
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301-2229
*Receiver's counsel*

Kathryn B. Hoeck, Esq.
Akerman Senterfitt
420 South Orange Avenue, 12th Floor
Orlando, FL 32801
*Receiver's counsel*

Jill Ellen Kelso, Esq.
Akerman Senterfitt
420 South Orange Avenue, 12th Floor
Orlando, FL 32801
*Receiver's counsel*

Robert Alan Leventhal, Esq.
Leventhal & Slaughter
111 N. Orange Ave., Suite 700
Orlando, FL 32801
*Counsel to Defendant Warren L. Ware*