# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

### Case No. 6:04-CV-112-ORL-18-DAB

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| W.L. WARE ENTERPRISES AND INVESTMENTS, INC., d/b/a WARE ENTERPRISES AND INVESTMENTS, INC., WARE ENTERPRISES AND INVESTMENTS, LLC, AND W.L. WARE ENTERPRISES AND INVESTMENTS, LLC, AND WARREN L. WARE, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with argument on June 22, 2009, on the following motion:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S FINAL ACCOUNTING AND AGREED OMNIBUS MOTION FOR AUTHORIZATION TO: (i) MAKE FINAL DISTRIBUTION TO CREDITORS; (ii) PAY THE RECEIVER'S FEES AND ATTORNEYS' FEES AND COSTS TO AKERMAN SENTERFITT; (iii) PAY ACCOUNTANTS' FEES TO RACHLIN LLP; (iv) RETAIN UNCLAIMED FUNDS; (v) DESTROY DOCUMENTS AND PAY COSTS FOR SAME; (vi) CLOSE RECEIVERSHIP ESTATE AND (vii) DISCHARGE RECEIVER (Doc. No. 134)** |
| **FILED:** | May 5, 2009 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

The receiver, Michael I. Goldberg, and Akerman Senterfitt as counsel to the receiver moved for authority to: (i) pay the Receiver's fees and attorney's fees and costs incurred on behalf of the estate from August 1, 2007 though March 30, 2009 in the total amount of $28,727.79; (ii) to pay the fees of Rachlin LLP, tax accountants, in the amount of $17,014.00 for preparation of the Defendants' income tax returns for the period 2001 through 2008; (iii) to pay the projected Receiver's fees and attorney's fees and costs through the closing of the estate up to $15,000.00; (iv) to re-absorb into the estate unclaimed claim distributions of $12,653.51 and any future unclaimed distributions for the benefit of the estate; (v) to make a final pro rata distribution to creditors in the approximate amount of $529,000.00; (vi) to destroy the documents in his possession; (vii) closing the receivership estate; and (viii) discharging the Receiver from any further responsibilities, duties, or activities in this matter. Neither the SEC nor Defendants oppose or object to the Receiver's Motion.

The Court has reviewed the receiver's motion carefully, heard argument of counsel, and asked questions of the receiver.

The Receiver has requested payment to the accounting firm, Rachlin, LLP, in the amount of $17,014.00. The Court finds that the services provided by Rachlin, LLP were valuable to the Receivership Estates. Further, the amounts charged by Rachlin, LLP are reasonable for the services it provided to the Receivership Estates between 2001 and 2008.

The Receiver seeks authorization to pay his and his attorneys fees and costs from August 1, 2007 through March 31, 2009, in the amount of $27,394.50 in fees and $1,333.29 in costs for a total of $28,727.79. The Receiver has indicated that he anticipates fees and costs up to an additional $15,000 for his time, his attorneys' time, and costs needed to close the Receivership Estates. The estimated fees and costs are based on: (i) an estimated $7,500.00 for communications with investors once the final distribution is made, conducting reasonable investigations to determine addresses for

any investors who may have relocated, preparing and overseeing the final distribution mail-out and providing a final reconciliation to the Securities and Exchange Commission, (ii) $2,500.00 for preparing and shredding the extensive amount of documents and records held at the two offices of the Receiver; and (iii) $1,000.00 for mailing costs related to the disbursement of funds under the final distribution. The Court finds that the number of hours and the hourly rate charged by the various timekeepers from August 1, 2007 through March 31, 2009 are reasonable. The Court finds that the requested fees are reasonable and that the receiver may pay the fees and costs from August 1, 2007 through March 31, 2009 in the total of $28,727.79 and the actual costs and fees accrued thereafter to close the receivership estate, not to exceed $15,000.00.

The Receiver's request to make a final distribution on a pro rata basis, to the creditors of the Receivership Entities in the amount of approximately $529,000 is appropriate.

The Receiver's request to destroy the documents located in his Orlando and Ft. Lauderdale offices is reasonable and the costs incurred for the destruction of the documents will be paid out of the aforementioned $15,000.00 allocated for attorneys' fees and costs. The Receiver is permitted to destroy the documents of the receivership entities on or after December 31, 2009.

Furthermore, the Receiver's proposal for the Receivership Estates to absorb any unclaimed funds is reasonable. The Receiver made reasonable efforts to locate current and valid mailing addresses for the investors with unclaimed funds by conducting an investigation into each of the investors whose checks were returned due to lack of a current mailing address. Since the receiver is unable to locate these claimants the unclaimed funds of $12,653.51 and any future unclaimed distributions should be re-absorbed into the estate for the benefit of the estate.

The Receivership estate should be closed and the Receiver should be fully discharged from any further responsibilities, duties or activities in this matter.

The Court, therefore, recommends that the Receiver's motion be granted and that an order is entered authorizing: (i) payment by the receivership to Akerman Senterfitt in the amount of $28,727.79 and for actual costs and fees accrued thereafter to close the receivership estate, not to exceed $15,000.00; (ii) payment by the receivership to Rachlin, LLP in the amount of $17,014.00; (iii) the Receiver to re-absorb into the estate unclaimed claim distributions of $12,653.51 and any future unclaimed distributions for the benefit of the estate; (iv) the Receiver to make a final pro rata distribution to creditors in the approximate amount of $529,000.00; (v) the Receiver to destroy the documents in his possession (vi) closing the receivership estate; and (vii) discharging the Receiver from any further responsibilities, duties, or activities in this matter, upon completion of the foregoing.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attaching the factual findings on appeal.

Recommended in Orlando, Florida on June 29, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Counsel of Record
Any Unrepresented Parties of Record